UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHARMACIA CORPORATION SUPPLEMENTAL PENSION PLAN, BY AND THROUGH ITS PLAN ADMINISTRATOR, and PFIZER INC., </br></br>Plaintiff,</br></br>vs.</br></br>VIRGINIA V. WELDON, M.D.,</br></br>Defendant. | </br></br></br></br></br></br></br>Case No. 4:14CV1498 CDP</br></br></br></br></br> |

## MEMORANDUM AND ORDER

This matter is before me on defendant Virgina V. Weldon's motion to compel discovery from plaintiffs Pharmacia Corporation Supplemental Pension Plan and Pfizer Inc. On February 27, 2015, a hearing was held on this motion at which counsel for all parties was present. After careful consideration, I will grant Weldon's motion in part and deny it in part as set forth below.

## DISCUSSION

Weldon's original motion sought to compel responses to nearly all of her document requests and more than half of her interrogatories. I ordered that parties to meet and confer before the hearing and attempt to resolve their disoputes. At the hearing, counsel represented to the Court that disputes remained outstanding

only for interrogatory nos. 1, 2 (subparts d-f), 4, and 5, and request nos.6, 7, 8, 9, 10, and 14.

I am denying or narrowing the scope of many of defendant's requests because this is expedited discovery for purposes of a preliminary injunction hearing. But to the extent I have done this, I am not ruling that defendants may never obtain the documents or answers they are requesting. Defendant should consider whether the requests should be rephrased or whether the information would be better obtained through different discovery means, and plaintiffs should consider whether they should, in good faith, continue to refuse to produce all of this information.

A.  Interrogatory Nos. 1 and 4 and Document Request Nos. 9 and 14

Defendants' motion to compel responses to interrogatory nos. 1 and 4 and document request nos. 9 and 14 is denied at this time, without prejudice to be re-raised after the preliminary injunction hearing, if necessary.

B.  Interrogatory No. 2(d)-(f) and Document Request No. 10.

Defendant's motion to compel a response to interrogatory no. 2(d)-(f) is granted in part. Plaintiffs must provide a response to these subsections, which are hereby rewritten as follows:

> Plaintiff must answer (d) when and how Lisa Marie Misertino learned of the results of the "recent pension disbursement audit," (e) whether anyone at the Plan or Pfizer, other than her, authorized or approved the sending of the September 23, 2009 letter; and (f) the name and job

title of anyone at the Plan or Pfizer who was involved in any way in the decision to send the September 23, 2009 letter.

In response to request for production No. 10, Plaintiffs must produce documents sufficient to show who sent the letter to Ms. Misertino and any drafts prepared by that person or others working with that person or working with Ms. Misertino regarding sending the letter. If any person working on or involved in any way with the letter made any notations in any records regarding the letter, they must also be produced.

C. <u>Interrogatory No. 5 and Document Request No. 6</u>

The circumstances surrounding the misinformation given to Weldon during the February 10, 2006, phone call are relevant to the issues in this case. Therefore, I am granting defendant's motion to compel responses to interrogatory no. 5 and document request no. 6 to the following extent: Plaintiffs must either answer the interrogatory or produce documents sufficient to show the substance of any internal conversations between, or notations made by, Fidelity employees that occurred or that were made around the time of the February 10, 2006 call and that relate to the content or existence of the call.

D. <u>Document Request Nos. 7 and 8</u>

Defendant's motion to compel responses to document request nos. 7 and 8 is granted as follows: plaintiffs must produce Fidelity's audit file related to the

pension disbursement audit that was mentioned in the September 23, 2009 letter from hrSource to Weldon.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to compel [#38] is **GRANTED** in part and **DENIED** in part as set forth above, and plaintiffs' must supplement their discovery responses as set forth above no later than **March 20, 2015.**

*/s/ Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of March, 2015.